■ KNOLLS COOPERATIVE SECTION No. 2, INC., Respondent, v SUSAN COHEN et al., Individually and as Coexecutrices of LEE A. DEUTSCH, Deceased, Appellants. (And a Third-Party Action.) [766 NYS2d 552] —Order, Supreme Court, Bronx County (Dianne Renwick, J.), entered on or about April 1, 2003, which denied defendants-appellants' motion for summary judgment declaring in appellants' favor with respect to the complaint and their first, second and fifth counterclaims, unanimously modified, on the law, to grant the motion with respect to appellants' first counterclaim insofar as to declare that the individual appellants did not forfeit any right they may have had to acquire the shares to the subject apartment by failing to exercise such right within 60 days of the shareholder's death, and upon a search of the record, to grant summary judgment, with respect to appellants' fifth counterclaim, declaring in plaintiff's favor that it timely exercised whatever option it may have had to purchase the shares to the apartment, and otherwise affirmed, without costs.

Even in light of the additional evidence submitted on the instant motion, there remain issues of fact as to whether plaintiff residential cooperative corporation intended to restrict transfer of the apartment in the manner now urged by the cooperative (see 277 AD2d 30 [2000]).

Summary judgment declaring in appellants' favor on the first counterclaim should, nonetheless, have been granted to the extent indicated, this Court having previously rejected plaintiff's contention that appellants forfeited any right they may have had to the apartment by failing to exercise such right within 60 days of the shareholder's death (*see id.*). Finally, with regard to the fifth counterclaim, we reject appellants' contention that they are entitled to a declaration that plaintiff cooperative failed to timely exercise whatever option it may have had to purchase the apartment. Indeed, the evidence demonstrates that plaintiff's president, in accordance with the corporate bylaws, notified appellants of plaintiff's intention to purchase the shares appurtenant to the subject apartment within 30 days of being notified by appellant estate of its intention to transfer the shares, formerly those of its decedent, to appellants, the decedent's daughters. Concur—Andrias, J.P., Saxe, Williams, Marlow and Gonzalez, JJ.